NO. 07-04-0377-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 1, 2004

_____

ROBERT E. BARRIENTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251st DISTRICT COURT OF POTTER COUNTY;

NO. 46,858-C; HONORABLE PATRICK PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**ORDER ON ABATEMENT AND REMAND**

Robert E. Barrientez appeals a conviction of the offense of failure to register as a sex offender. The clerk's record, which was due no later than August 23, 2004, has not been received. On August 23, this court was notified by the district clerk that appellant had not paid or made arrangements to pay for the record. By letter, appellant's retained counsel was directed to certify to the clerk of this court on or before September 13, 2004,

in writing, whether Rule 34.5(a)(10) and Rule 35.3(a)(2) of the Texas Rules of Appellate Procedure have been complied with; if so, the date of compliance, and if not, a reasonable explanation for non-compliance.

Appellant filed a Motion to Extend Time to File Appellant's Brief, in which it is indicated that the clerk's record had been filed. The clerk's record has not been filed as of this date. On September 16, 2004 this court, by letter, again directed appellant to provide the certification required on or before September 27, 2004. No response has been received. We, therefore, abate the appeal and remand the cause to the 251st District Court of Potter County. The judge of said court is ordered to convene a hearing (after notice to appellant and other parties in interest) to determine the following matters:

1. Whether appellant desires to prosecute this appeal;

2. if appellant desires to prosecute this appeal then whether appellant is indigent;

3. whether appellant is entitled to a clerk's record and reporter's record, without charge to appellant;

4. whether appellant is entitled to appointed counsel;

5. if appellant has counsel, whether appellant has been denied the effective assistance of counsel arising from the delay encountered in prosecuting this appeal; and

6. what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or if appellant desires to prosecute this appeal, to assure that the clerk's record will be promptly filed and that the appeal will be diligently pursued.

If the court determines that appellant is indigent and has been denied the effective assistance of counsel, we order it to appoint counsel for appellant.

We next order the court to cause a supplemental clerk's record to be developed. The supplemental clerk's record shall include 1) a transcription of the hearing convened to answer the questions itemized above, 2) findings of fact and conclusions of law answering the questions itemized above, 3) the name, state bar number, and address of any counsel appointed to represent appellant, and 4) all orders made in accordance with this opinion. We further order the court to cause the supplemental clerk's record to be filed with the clerk of this court on or before November 1, 2004. Should additional time be needed to comply with this order, the district court may request the same on or before November 1, 2004.

Per Curiam

Do not publish.